UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KENNETH DEAN BERNAS #211368     CIVIL ACTION NO. 25-cv-208 SEC P

VERSUS     JUDGE TERRY A. DOUGHTY

G SIMMONS     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Kenneth Dean Bernas ("Plaintiff") is a self-represented inmate who filed this excessive force action against the police officer who arrested him. Before the court is Officer Garyn Slaton Simons' Motion to Dismiss (Doc. 21) on the grounds that Plaintiff's claims are barred by the Heck doctrine. The motion was noticed for briefing, but Plaintiff has not filed any opposition. For the reasons that follow, it is recommended that the motion to dismiss be granted.

**Relevant Facts**

Plaintiff alleged in his complaint that he was on his bike "with my bike light full on and working" when he passed Officer Simons. The officer nonetheless stopped Plaintiff and told him to put his hands on the hood of Simons' vehicle. Plaintiff alleges that he politely asked why he was stopped, to which Simons responded by becoming irate and charging Plaintiff and telling him to stop resisting arrest. Plaintiff contends that his hands were in the air, but Simons nonetheless threw Plaintiff's bike to the side, charged after

Plaintiff while screaming to stop resisting, threw Plaintiff to the ground, and repeatedly punched Plaintiff in the face, ribs, and wrists.

Plaintiff alleges that he was handcuffed and taken to the Bossier City Jail. Paramedics at the jail saw lacerations on Plaintiff and directed that he be taken to the hospital. Plaintiff alleges that Simons took him to the hospital, he was checked, but he was never told "what was wrong with me." Plaintiff alleges that he has problems seeing out of his right eye and had to have two teeth removed while incarcerated. He alleges that Officer Simons used excessive force.

The police report attached the Plaintiff's amended complaint (Doc. 10) shows that Officer Simons has a different view of the events. Simons wrote in his report that he saw a white male on a pink bicycle with no mounted front light/rear light, so he conducted a field investigation. He instructed the suspect to stand in front of Simons' vehicle, but the man became irate and said there was no reason for him to stand in front of the car. The man, Plaintiff, began to walk away.

Simons attempted to detain Plaintiff, but Plaintiff pushed his bicycle in front of Simons and swatted the officer's hand away. He then bladed his shoulders in an aggressive manner, began walking backwards and screaming, "Help." Plaintiff then started to run down the street. Simons caught up to him, but Plaintiff kept pushing the officer's hands off of him. Both men fell to the ground. Simons eventually delivered multiple strikes to the right side of Plaintiff's face in an effort to gain compliance, Plaintiff continued to struggle and resisted being handcuffed. Multiple additional strikes to the abdomen were required to eventually place handcuffs on Plaintiff despite his continued resistance.

According to Simon's report, a search of Plaintiff revealed a glass sleeve that contained small plastic bags and 0.5 grams of suspected meth. Plaintiff was taken to jail, where he complained of pain, so he was taken to the local hospital for examination. Plaintiff was charged with operating a bicycle at night with improper lamps, possession of Schedule II drugs, and resisting arrest.

Plaintiff states (Doc. 7) that he entered into a plea agreement on the resisting arrest charge that resulted in a one-year sentence, and the other two charges were dropped. Court minutes attached to Simons' motion indicate that Plaintiff, represented by counsel, entered a plea of guilty to resisting an officer with force or violence. Plaintiff was sentenced to one year at hard labor and advised of no right to appeal, which suggests that the appeal waiver was part of a plea agreement.

**Analysis**

Under Heck v. Humphrey, 114 S.Ct. 2364 (1994), a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts that gave rise to the charge for which he was convicted, unless the plaintiff proves "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Ballard v. Burton, 444 F.3d 391, 396 (5th Cir. 2006), quoting Heck, 114 S.Ct. at 2372. Heck requires the district court to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can

demonstrate that the conviction or sentence has already been invalidated. Ballard, 444 F.3d at 396.

Plaintiff was convicted of resisting an officer with force or violence, which Louisiana law defines in La. R.S. 14:108.2(A)(1) as using threatening force or violence by one sought to be arrested or detained before the arresting officer can restrain him and after notice is given that he is under arrest or detention, when the offender has reasonable grounds to believe the victim is a police officer who is arresting, detaining, or otherwise acting in the performance of his official duty. The only claim that Plaintiff clearly asserts in his complaint is that he was subjected to excessive force.

A similar claim was addressed in Arnold v. Town of Slaughter, 100 Fed. Appx. 321 (5th Cir. 2004), where the plaintiff alleged that he did nothing wrong but was viciously attacked by police for no reason. He was nonetheless convicted after a bench trial of resisting an officer in violation of La. R.S. 14:108. The Fifth Circuit noted that not every excessive force claim will potentially invalidate a conviction and be barred by Heck, but Mr. Arnold's suit squarely challenged the factual determination underlying his conviction for resisting an officer. If Arnold prevailed, he would have established that his criminal conviction lacked any factual basis. Therefore, his lawsuit was barred by Heck.

The same is true in this case. Plaintiff alleged that he did no more than make polite inquiry as to why he was stopped, kept his hands in the air, and never resisted arrest. These allegations are in direct contradiction to his conviction based on the statutory requirement of using threatening force or violence against the police officer. Plaintiff's excessive force claim is barred by the Heck doctrine for the same reasons stated in Arnold. See also Terrell

v. Pichon, 795 Fed. Appx. 935 (5th Cir. 2020) (excessive force claim barred by Heck when plaintiff pleaded guilty to resisting an officer in violation of Section 108 then alleged in his Section 1983 suit that the officer used force even though he did not resist arrest) and Walker v. Munsell, 281 Fed. Appx. 388 (5th Cir. 2008) (excessive force claim barred by Heck when plaintiff was convicted on three counts of resisting an officer but asserted excessive force claim based on allegations that police beat him when he did not resist arrest or do anything wrong). To the extent Plaintiff asserts an excessive force claim under state law, Louisiana also applies the Heck rationale to tort claims. Price v. City of Bossier, 841 Fed. Appx. 650 (5th Cir. 2021).

Officer Simons' unopposed motion to dismiss should be granted based on the Heck doctrine. The preferred order of dismissal in a Heck case is that he claims are dismissed with prejudice until such time as the Heck conditions may be met. Price, citing Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Accordingly,

It is recommended that Officer Simons' Motion to Dismiss (Doc. 21) be granted and that all of Plaintiff's claims be dismissed with prejudice to their being asserted again until the Heck conditions are met.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of August, 2025.

Mark L. Hornsby
U.S. Magistrate Judge